BEFORE THE FIRST DIVISION, JUNE 30, 1949

**No. 53350.**—U. S. Vitamin Corporation *v.* United States, protest 146679–K (New York).

Opinion by COLE, J.  It was stipulated that the merchandise consists of beef liver extract the same in all material respects as the substance passed upon in *United States* v. *Judson-Sheldon Corp.* (33 C. C. P. A. 73, C. A. D. 318).  The claim for free entry under paragraph 1669 was therefore sustained.

**No. 53351.**—R. J. Saunders & Co., Inc. *v.* United States, protest 141029–K (New York).

Opinion by COLE, J.  It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378).  The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 53352.**—Van Gelder Fanto Corp. and Halfdan Hebo *v.* United States, protests 146647–K and 138786–K (New York).

Opinion by COLE, J.  It was stipulated that the merchandise consists of sheep gall, and hog or ox bile, the same in all material respects as the substance passed upon in *G. D. Searle & Co.* v. *United States* (21 Cust. Ct. 112, C. D. 1138).  The claim for free entry under paragraph 1669 was therefore sustained.

BEFORE THE SECOND DIVISION, JUNE 30, 1949

**No. 53353.**—R. H. Macy & Co., Inc. *v.* United States, protests 493326–G, etc. (New York).

Opinion by RAO, J.  It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333).  The claim of the plaintiff was therefore sustained.